IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ARMAND CASAZZA,  <br><br>          Plaintiff,  <br><br>v.  <br><br>KEVIN PARKS,  <br><br>          Defendant. | CV-25-3-M-KLD  <br><br>ORDER and FINDINGS AND RECOMMENDATION |

On January 6, 2025, pro se Plaintiff Armand Casazza filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against Defendant Kevin Parks. (Doc. 2).

## I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On January 6, 2025, Casazza completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). Although several pages appear to be missing, the information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II. Subject Matter Jurisdiction

The Court has the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 583 (1999). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Federal Rule of Civil Procedure 12(h)(3).

Casazza brings this action against Kevin Parks. Casazza's filings include no allegations against Parks, nor do they describe a basis for bringing this action. However, the Complaint indicates this Court has jurisdiction over the instant action based on both federal question jurisdiction and diversity of citizenship. (Doc. 2 at 3).

A federal court's diversity jurisdiction extends to civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the controversy "is between … citizens of different states." 28 U.S.C. § 1332(a)(1). Here, the Complaint indicates that Casazza and Parks are both residents of Missoula, Montana. Because the Plaintiff and Defendant are residents of the same state, there can be no diversity jurisdiction under 28 U.S.C. § 1332 in this matter.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the

Complaint provides no indication that a federal statute, federal treaty, or any provision of the United States Constitution is at issue in this case. Therefore, Casazza has failed to establish that the requirements of 28 U.S.C. § 1331 are satisfied.

## III. Conclusion

Casazza has not met his burden of establishing federal question jurisdiction. Further, taking the facts in the Complaint as true, diversity jurisdiction cannot exist in this matter. Because Casazza has failed to show that this Court has subject matter jurisdiction, this case should be dismissed. However, in light of Casazza's pro se status, dismissal without prejudice is appropriate.

## ORDER

IT IS ORDERED that Casazza's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on January 6, 2025.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Casazza's Complaint (Doc. 2) be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

2. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in

good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Casazza may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a *de novo* determination by the district judge and/or waive the right to appeal.

Casazza must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 20th day of February, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge